JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50465 | **DATE** | 9/24/2004 |
| **CASE TITLE** | Robinson vs. Winnebago County | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the reverse memorandum opinion and order, the court grants defendants' motion for summary judgment as to all claims and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 9-27-04 | 34 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | |
| | LC | 9-27-04 date mailed notice | |
| | courtroom deputy's initials | mailing deputy initials | |

Date/time received in central Clerk's Office

# MEMORANDUM OPINION AND ORDER

Plaintiff, Latasha Robinson, filed a second amended complaint pursuant to 42 U.S.C. § 1983 against defendants, Winnebago County, Sheriff Richard Meyers, and a jail correctional officer, Yvette Parker, claiming that she was denied her Fourteenth Amendment rights as a pre-trial detainee when her foot was injured by a closing cell door and when she received inadequate medical care for her injured foot. All defendants moved for summary judgment on all claims. Subsequent to the filing of the motion for summary judgment, plaintiff orally moved to dismiss Parker with prejudice, which motion was granted, and Parker is no longer a party to this case.

Plaintiff contends that her claim related to her injured foot is based on defendants' failure to take steps to alleviate the overcrowding at the jail which, in turn, resulted in her having to sleep on the floor which led to her foot getting caught in the cell door when it was electronically closed. As for her lack of adequate medical care claim, plaintiff contends that both defendants were deliberately indifferent to her serious medical need based upon their decision to provide inadequate medical staff at the jail.

A pre-trial detainee's § 1983 claim is analyzed under the Fourteenth Amendment. Butera v. Cottery, 285 F. 3d 601, 605 (7th Cir. 2002). As such, a plaintiff is protected from a defendant's deliberate indifference to her safety. Butera, 285 F. 3d at 605. Such a finding requires a showing that a defendant was aware of a substantial risk of serious injury to the plaintiff but nonetheless failed to take appropriate action to protect her from the danger. Butera, 285 F. 3d at 605. A defendant is not required, however, to ensure a plaintiff's safety, and the existence or possibility of other better policies which might have been used does not necessarily mean the defendant was being deliberately indifferent. Butera, 285 F. 3d at 605. In the case of a sheriff, the plaintiff must show that the sheriff, and not just a jail employee, made a deliberate choice among alternatives and that the chosen policy caused the injury. Butera, 285 F. 3d at 605.

In this case, plaintiff has come forth with no evidence that either defendant was aware of any risk to plaintiff of having her foot injured by a closing cell door while she slept on a mattress on the floor. Nor has plaintiff shown that any policy decision by either defendant caused her foot to be injured. Any relationship between any policy decision that may have resulted in jail overcrowding which in turn in some remote way may have led to plaintiff's injury is simply to tenuous to support a finding of causation. Thus, the County and the Sheriff (individual and official capacities) are entitled to judgment as a matter of law as to Count I.

As for plaintiff's claim of a denial of medical care, to the extent it depends on a policy decision related to overcrowding, it fails for lack of any evidence of causation as well. Further, for a pre-trial detainee to establish a deprivation of her due process right to medical care, she must demonstrate that a government official acted with deliberate indifference to her objectively serious medical need. Jackson v. Illinois Med-Car, Inc., 300 F. 3d 760, 764 (7th Cir. 2002). Even if the plaintiff can show an objectively serious medical need, she must also tender sufficient evidence that the relevant official had a sufficiently culpable state of mind. Jackson, 300 F. 3d at 765. Evidence of negligence is insufficient, rather, the plaintiff must proffer evidence demonstrating that the defendant was aware of a serious medical need but failed to take steps to treat it. Jackson, 300 F. 3d at 765.

Here, assuming the seriousness of the medical need, there is no evidence that either defendant knew of plaintiff's foot injury or made any specific decision regarding the medical care related to it. At most, plaintiff may have shown that her treatment was negligent, but that does not satisfy the constitutional standard. Further, plaintiff's attempt to bootstrap the adequacy of her treatment to the relationship between the capacity of the jail and the number of medical staff falls short of being evidence of defendants' deliberate indifference to plaintiff's medical need. Therefore, the County and the Sheriff (individually and officially) are entitled to judgment as a matter of law as to Count II.

For the foregoing reasons, the court grants defendants' motion for summary judgment in its entirety.